UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CELTIC MARINE CORP. | CIVIL ACTION |
| VERSUS | NO: 09-3379 |
| APPALACHIAN FUELS AND ADDINGTON ENTERPRISES INC. | SECTION: "J" (2) |

**ORDER AND REASONS**

Before the Court is Defendant, Addington Enterprises's **Motion to Dismiss**. (Rec. D. 6).

**BACKGROUND**

**Law and Analysis**

Plaintiff filed this lawsuit against the two defendants, Appalachian Fuels, LLC, ("Fuels") and Addington Enterprises Inc. ("Addington") on April 27, 2009 (Rec. D. 1). The complaint alleges that Plaintiff entered into an agreement with Defendants for the tendering of coal. Plaintiff alleges that Defendants failed to pay Plaintiff for services rendered and failed to provide the minimum volume of coal contractually allowed- subjecting defendants to liquidated damages as a result.

Defendant Addington filed this Motion to Dismiss on May 28, 2009. (Rec. D. 6.)

**Applicable Law**

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief. The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. <u>Tanglewood East Homeowners v. Charles-Thomas</u>, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988).

**The Parties' Arguments**

Addington argues that Plaintiff's complaint fails to state a plausible claim against Addington. Its main reasoning relies on the fact that Addington neither signed an agreement with Plaintiff nor did Plaintiff invoice Addington. Addington further argues that the documents supporting Plaintiff's complaint support its position since there is no mention of Addington as a party to the contract.

Plaintiff counters that its complaint satisfies the requirements of the Federal Rules of Civil Procedure 8(A)(2) by

providing sufficient facts for a plausible claim against Defendants. See, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). Plaintiff further argues that its complaint not only alleges sufficient facts to include Addington as a party, but the appended documents further support a finding that Addington was a party to the contract. First, Plaintiff argues that Addington is listed as a buyer which is defined in the contract as a party owing financial obligations. Second, Plaintiff contends that since Stephen Addington is listed as the contact person for both companies, his signature is sufficient to bind both parties. Finally, Plaintiff points out that even without signatures, the language of the contract does not require a signature for acceptance.

In reply Addington refutes the assumptions drawn by Plaintiff. It alleges factual explanations to refute Plaintiff's claims not relevant to the analysis of this motion.

**Discussion**

The Plaintiff correctly points out that the standard for a Motion to Dismiss puts a heavy burden on the moving party to show that the Plaintiff has not alleged a plausible set of facts to state a claim against Defendant. When evaluating these claims, "the Court must accept as true all well-plead allegations and

3

resolve all doubts in favor of the plaintiff." <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

The plaintiff has alleged sufficient facts in the present case. They allege that Addington was part of the annual contract and as such is liable for the damage. Addington alleges that it was not in fact a party to this contract despite being listed as a buyer and its representative signing the contract.

In order to resolve this dispute further discovery and factual determinations are necessary. Since the Court is obligated to make all factual assumptions in favor of the non-moving party, Plaintiff's claim survives.

**CONCLUSION**

**IT IS ORDERED** that defendant's **Motion to Dismiss(Rec. D. 6)** be **DENIED.**

New Orleans, Louisiana this the 14th day of July, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4